CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Major SEIVIRAK INSON**
**United States Army, Appellant**

ARMY 20130557

Headquarters, 8th Theater Sustainment Command
Stefan R. Wolfe and David L. Conn, Military Judges
Lieutenant Colonel Terri J. Erisman, Acting Staff Judge Advocate (pretrial)
Colonel Paul T. Salussolia, Staff Judge Advocate (post-trial)

For Appellant:  Captain Brian J. Sullivan, JA; William E. Cassara, Esquire (on brief); Captain Amanda R. McNeil Williams, JA; William E. Cassara, Esquire (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA (on brief).

29 February 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curium:

An panel of officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of dereliction of duty, one specification of forgery, one specification of adultery, one specification of violating 18 U.S.C. § 793(d) (Gathering, Transmitting, or Losing Defense Information (Lawful Possession and Delivery)), and five specifications of violating 18 U.S.C. § 793(e) (Gathering, Transmitting,, or Losing Defense Information (Unauthorized Possession and Willful Retention)), in violation of Article 92, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 923, and 934 (2006) [hereinafter UCMJ]. The panel sentenced appellant to be dismissed from the service, to be confined for ten years, and to a total forfeiture of all pay and allowances.  The

convening authority approved the findings and sentence as adjudged, and credited appellant with 331 days against the sentence to confinement.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate defense counsel raises eleven errors, two of which merit discussion and relief.[1] After review of the entire record, we find no evidence that appellant's adulterous relationship was prejudical to good order and discipline in the armed forces. Furthermore, we find insufficient evidence to support appellant's conviction for delivering national defense information. We will provide relief in our decretal paragraph.

## I. Adultery

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

Specification 1 of Charge V alleged appellant, a married man, wrongfully had sexual intercourse with AB, a woman not his wife, and that said conduct was to the prejudice of good order and discipline in the armed forces *and* of a nature to bring discredit upon the armed forces. Appellant raises as error that there is no evidence that the conduct was of a nature to bring discredit upon the armed services.[2] We need only to look to one piece of evidence (Prosecution Exhibit 60) to resolve this assignment of error. Prosecution Exhibit 60 is an email exchange between appellant and a civilian, Mr. S.O. The email exchange includes appellant discussing with Mr. S.O. appellant's relationship with AB saying in part that AB has been great and is "committed to staying with me even if my wife is back with me." Furthermore, appellant states he is not sure "if divorce is the right thing to do." Freely informing

---

[1] We have also reviewed those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit.

[2] We note appellant concedes that he not only engaged in sexual intercourse with AB, but that he fathered a child with AB.

2

others outside the military that you are engaging in such conduct is more than sufficient to support a finding of service discrediting.

However, our review of the record discloses no evidence to show that appellant's behavior had any impact on the unit. The government basically concedes this point in its brief, stating that evidence on this prong of the terminal element is minimal. We find the evidence to be less than minimal and insufficient to sustain a finding of guilty as to that language.

## II. Delivering Defense Information

Specifications 2 through 7 of Charge V allege violations of 18 U.S.C.[3] § 793, commonly referred to as the Espionage Act. Specification 2 concerns a violation of subsection 18 U.S.C. § 793(d) while the remaining specifications allege violations of 18 U.S.C. § 793(e). The difference in these two sections is that subsection (d) requires the perpetrator to be in "lawful possession" of national defense information while subsection (e) requires the perpetrator to be in "unauthorized possession" of national defense information. Specification 2 and Specification 4 of Charge V concerned the exact same document and covered the same time period. Specification 2 alleged appellant while "lawfully having possession of" the document willfully delivered the document to a person who was not entitled to possess such information. Specification 4 alleged appellant while "having unauthorized possession of" the document willfully retained the document.

Prior to trial the defense raised the issue whether these two specifications were an unreasonable multiplication of charges. The defense questioned how appellant could be in both "lawful" and "unauthorized" possession of the same document at the same time. The government argued that it was charged this way to meet the exigencies of proof. It was possible that the evidence could show appellant was in lawful possession at one time but then, with the passage of time, reached a point where he was in unauthorized possession. The military judge allowed both specifications to go trial saying he would revisit the issue on sentencing should that become necessary. At the close of the government's case, the defense request to reserve a motion for a finding of not guilty pursuant to Rule for Courts-Martial 917 [hereinafter R.C.M.] was granted, although defense did not state which specification this reserved motion involved. When later asked by the military judge about this R.C.M. 917 motion, the defense stated they had no such motion.

The evidence presented at trial does not sustain a finding that appellant was in "lawful possession" of the document at the time of delivery. The delivery of the document in question occurred during a barbeque at appellant's residence. There was no evidence in the record of trial to support a finding that appellant lawfully

---

[3] Corrected

possessed this classified document *at his home*. Rather, the evidence supports a finding that appellant's possession of this document and other national defense information *at his home* was unauthorized. Consequently, appellant's conviction for delivery of defense information cannot stand.

## CONCLUSION

Having completed our review and in consideration of the entire record, we AFFIRM only so much of Specification 1 of Charge V as finds:

> In that, [Appellant], a married man, did, on the island of Oahu, on divers occasions, between on or about 1 January 2009 and 18 July 2012, wrongfully have sexual intercourse with AB, a woman not his wife, such conduct being of a nature to bring discredit upon the armed forces.

Specification 2 of Charge V is set aside and DISMISSED.

The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). The military judge, in merging Specification 2 of Charge V with Specification 4 of Charge V for sentencing, removed any taint caused by the presence of Specification 2. We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4